UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| CRISTIAN CABRERA-ASENCIO,<br><br>                Plaintiff,<br><br>vs.<br><br>DARIN YOUNG (Warden), DENNY KAEMINGK (Secretary of Corrections), ELIZABETH VITETTA (Coordinator D-Unit), AL ALLCOCK (Associate Warden), JENIFER DRIESKE (Dept Warden),<br><br>                Defendants. | 4:16-CV-04096-RAL<br><br>OPINION AND ORDER DISMISSING COMPLAINT IN PART AND DIRECTING SERVICE |

Plaintiff Cristian Cabrera-Asencio ("Cabrera-Asencio") filed this lawsuit pursuant to 42 U.S.C. § 1983. Doc. 1. Cabrera-Asencio is an inmate at the South Dakota State Penitentiary in Sioux Falls. This Court has screened his complaint pursuant to 28 U.S.C. § 1915A. For the following reasons, the Court dismisses Cabrera-Asencio's complaint in part and directs service.

      **I.    FACTS ALLEGED IN THE COMPLAINT[1]**

Cabrera-Asencio is a Spanish speaking, undocumented immigrant inmate. Doc. 1 at 5-6. He alleges that he is routinely given jobs by the prison, but that Department of Corrections ("DOC") policies prevent him from getting

---

[1] This Court makes no findings of fact at this point in the case. The matters set forth in this section are taken from the factual allegations pled in Cabrera-Asencio's Complaint, which this Court must take as true on initial screening.

paid for his work because he is an undocumented immigrant. *Id.* at 5. Cabrera-Asencio filed grievances, complaining about his lack of pay. *Id.* He alleges that he got fired from his job for complaining. *Id.* He also claims that this happens to all undocumented immigrant inmates. *Id.*

Cabrera-Asencio alleges that prison officials told him to stop speaking Spanish, his native language. *Id.* at 6. He filed grievances and complained to the prison staff, but he alleges that he is not allowed to file grievances and that Coordinator Elizabeth Vitetta, Warden Darin Young, and Associate Warden Al Allcock ignored his complaints. *Id.* On November 5, 2014, Cabrera-Asencio was written up for speaking Spanish. *Id.* He alleges that prison staff lied to ensure he would be disciplined and even ignored another inmate who claimed responsibility. *Id.* Cabrera-Asencio was found guilty of the infraction and disciplined. *Id.* He allegedly received other write ups and was punished for what he refers to as "bogus and fabricated reports . . . ." *Id.*

Cabrera-Asencio alleges that defendants ignored his attempts to grieve or resolve these issues. *Id.* at 7. He alleges that Young, Allcock, and Vitetta were aware of his complains but did nothing to resolve the issues. *Id.* He alleges that Kaemingk rejected all of the complaints sent by Cabrera-Asencio. *Id.* Because of these rejections, Cabrera-Asencio alleges that the DOC staff continues to disrespect and dehumanize him. *Id.*

## II. PROCEDURAL BACKGROUND

On July 1, 2016, Cabrera-Asencio filed this complaint. Doc. 1. He alleges that defendants violated his rights under the Equal Protection Clause by

2

refusing to pay him for his work, violated his First Amendment rights by punishing him for speaking Spanish and for his complaints, and violated his rights under the Eighth Amendment by ignoring his grievances. *Id.* at 5-7. As relief, Cabrera-Asencio requests compensatory and punitive damages. *Id.* at 8. He also requests that his write up be expunged and his fines be remitted. *Id.* Finally, he requests injunctive relief to eliminate the DOC policies preventing payment of undocumented immigrant inmates and that defendants be barred from retaliating against him. *Id.*

### III. LEGAL STANDARD

At this stage of the case, this Court must accept the well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *Schriener v. Quicken Loans, Inc.*, 774 F.3d 442, 444 (8th Cir. 2014). Civil rights and pro se complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985); *Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993); *Parker v. Porter*, 221 F. App'x 481, 482 (8th Cir. 2007).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

(2007). "If a plaintiff cannot make the requisite showing, dismissal is appropriate." *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985).

Under 28 U.S.C. § 1915A, this Court must screen prisoner claims filed in forma pauperis and determine whether they are (1) "frivolous, malicious, or fail[ ] to state a claim on which relief may be granted; or (2) seek[ ] monetary relief from a defendant who is immune from such relief." *See also Onstad v. Wilkinson*, 534 F. App'x 581, 582 (8th Cir. 2013).

## IV. DISCUSSION

Cabrera-Asencio's complaint raises three claims. He claims that defendants' regulations barring undocumented immigrants from being paid for working prison jobs violates his Equal Protection rights. He claims that defendants violated his rights by punishing him for speaking Spanish and retaliating against him for lodging complaints. Finally, he claims that supervisory defendants have violated his Eighth Amendment rights by failing to remedy his complaints and denying him relief.

### A. Equal Protection

Cabrera-Asencio alleges that defendants violated his rights under the Equal Protection Clause by denying him wages for the work done in prison. " 'The Equal Protection Clause of the Fourteenth Amendment commands that no state shall deny to any person within its jurisdiction the equal protection of the laws, which is essentially a direction that all persons similarly situated should be treated alike.' " *Stevenson v. Blytheville Sch. Dist. # 5*, 800 F.3d 955, 970 (8th Cir. 2015) (quoting *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473

4

U.S. 432, 439 (1985)). " 'If a legislative classification or distinction neither burdens a fundamental right nor targets a suspect class, [the court must] will uphold it so long as it bears a rational relation to some legitimate end.' " *Zink v. Lombardi*, 783 F.3d 1089, 1110 (8th Cir.), *cert. denied*, 135 S. Ct. 2941 (2015) (quoting *Vacco v. Quill*, 521 U.S. 793, 799 (1997)).

Cabrera-Asencio alleges that he is being denied wages because of his race, Doc. 1 at 5, but acknowledges that this is based on prison policies that prevent payment of undocumented immigrants. Undocumented immigrants are not members of a specific racial group. "The Supreme Court has expressly rejected 'the claim that illegal aliens are a suspect class.' " *United States v. Loaiza-Sanchez*, 622 F.3d 939, 941 (8th Cir. 2010) (quoting *Plyler v. Doe*, 457 U.S. 202, 219 n. 19 (1982)). Cabrera-Asencio does not allege that he has a fundamental right to a prison job, and the claim would likely fail if he did. *See Jennings v. Lombardi*, 70 F.3d 994, 995 (8th Cir. 1995) (stating that in the due process context, prisoner has no right to prison wages).

While prisoners have no constitutional right to vocational opportunities while incarcerated, *Spencer v. Snell*, 626 F. Supp. 1096, 1097 (E.D. Mo.), *aff'd*, 786 F.2d 1171 (8th Cir. 1986), if the prison provides vocational opportunities to its prisoners, it cannot deny equal access to such services to all prisoners absent a rational basis. *Wishon v. Gammon*, 978 F.2d 446, 450 (8th Cir. 1992). Therefore, the policy of not paying undocumented immigrant prisoners will be upheld if defendants show a rational basis. Because the defendants have not

been served, arguments that the policy is rational cannot be discussed. Therefore, Cabrera-Asencio states an equal protection claim.

## B. First Amendment Retaliation

Cabrera-Asencio alleges that defendants violated his first amendment rights by retaliating against him for speaking Spanish. Docket 1 at 6. In order to demonstrate retaliation in violation of the First Amendment under 42 U.S.C. § 1983, Cabrera-Asencio must "show (1) he engaged in a protected activity, (2) the government official took adverse action against him that would chill a person of ordinary firmness from continuing in the activity, and (3) the adverse action was motivated at least in part by the exercise of the protected activity." *Spencer v. Jackson Cty. Mo.*, 738 F.3d 907 (8th Cir. 2013) (quoting *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004)).

Cabrera-Asencio claims he engaged in the protected activity of speaking Spanish. "A prison inmate retains those First Amendment rights that are not 'inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system.'" *Yang v. Missouri Dep't of Corr.*, No. 15-2231, 2016 WL 4268954, at *2 (8th Cir. Aug. 15, 2016) (quoting *Pell v. Procunier*, 417 U.S. 817, 822 (1974)). "When a prison regulation impinges on an inmate's ability to communicate with others, it is valid if it is 'reasonably related to legitimate penological objectives.'" *Id.* (quoting *Turner v. Safley*, 482 U.S. 78, 89, 99 (1987); *Ortiz v. Fort Dodge Corr. Facility*, 368 F.3d 1024, 1026 & n.2 (8th Cir. 2004)).

To determine whether a regulation is valid, the court considers the four factors in *Turner.*

> (1) whether the regulation is rationally connected to a legitimate and neutral governmental interest; (2) whether the inmate has an alternative means of exercising the constitutional right; (3) the impact accommodating the inmate's asserted right would have on prison staff, prisoners, and resources; and (4) whether ready alternatives to the regulation exist.

*Id.* (quoting *Turner*, 482 U.S. at 89–91). In the context of communicating with people outside a prison, the Eighth Circuit has found English-only regulations invalid, *see Thongvanh v. Thalacker*, 17 F.3d 256, 258 (8th Cir. 1994), and valid. *See Yang*, 2016 WL 4268954; *Ortiz*, 368 F.3d 1024.

Cabrera-Asencio alleges that he is being punished for speaking in Spanish in the prison. The Court is unable to determine how the four *Turner* factors would weigh at this time. Therefore, the Court finds that Cabrera-Asencio states a claim, at this point, that defendants' retaliated against him for exercising his First Amendment rights.

## C. Eighth Amendment Violation

Cabrera-Asencio claims that defendants Young, Allcock, Vitetta, and Kaemingk violated his Eighth Amendment rights by ignoring or denying the issues he raised in his first two claims. Docket 8 at 7. "[V]icarious liability is inapplicable to § 1983 suits[.]" *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010). "[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)). A supervisor's liability must be based on his or her own

7

"deliberate indifference or tacit authorization." *Grayson v. Ross*, 454 F.3d 802, 811 (8th Cir. 2006) (quoting *White v. Holmes*, 21 F.3d 277, 280 (8th Cir. 1994)).

Cabrera-Asencio's Eighth Amendment claim alleges that defendants were aware of the actions in his first two claims, but did nothing to remedy it. Docket 8 at 7. He also alleges that Kaemingk rejected his grievances. *Id.* Defendants are not liable for these actions under § 1983. Under this claim, defendants did not personally violate Cabrera Asencio's constitutional rights. Therefore, Cabrera-Asencio's Eighth Amendment claim is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

### D. Motion to Appoint Counsel and for Interpreter

Cabrera-Asencio moves for appointment of counsel. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). In determining whether to appoint counsel to a pro se litigant's civil case, the district court considers the complexity of the case, the ability of the indigent litigant to investigate the facts, the existence of conflicting testimony, and the indigent's ability to present his claim. *Id.* The facts of Cabrera-Asencio's claims are not complex. He appears able to adequately present his § 1983 claims at this time, and his motion to appoint counsel is therefore denied.

The Court is aware that this situation may change as litigation progresses. The Court will "continue to be alert to the possibility that, because of procedural complexities or other reasons, later developments in the case

8

may show either that counsel should be appointed, or that strict procedural requirements should, in fairness, be relaxed to some degree." *Williams v. Carter*, 10 F.3d 563, 567 (8th Cir. 1993).

Cabrera-Asencio also moves the Court to appoint an interpreter. Doc. 5. He seems to request an interpreter in prison. The Court has no power to grant that Cabrera-Asencio be given access to an interpreter in prison. Therefore, his motion is denied.

## V. ORDER

Accordingly, it is ORDERED

1. Counts I and II of Cabrera-Asencio's Complaint survive screening.
2. Count III of Cabrera-Asencio's Complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.
3. The Clerk shall send blank summons forms to plaintiff so he may cause the summons and complaint to be served upon the defendants.
4. The United States Marshal shall serve a copy of the complaint (Doc. 1), Summons, and this Order upon defendants Darin Young, Denny Kaemingk, Elizabeth Vitetta, Al Allcock, and Jenifer Drieski as directed by Cabrera-Asencio. All costs of service shall be advanced by the United States.
5. Defendants will serve and file an answer or responsive pleading to the remaining claims in the complaint on or before 21 days following the date of service.

6. Cabrera-Asencio will serve upon defendants, or, if appearance has been entered by counsel, upon their counsel, a copy of every further pleading or other document submitted for consideration by the court. He will include with the original paper to be filed with the clerk of court a certificate stating the date and that a true and correct copy of any document was mailed to defendants or their counsel.

7. Cabrera-Asencio will keep the court informed of his current address at all times. All parties are bound by the Federal Rules of Civil Procedure and by the District of South Dakota Civil Local Rules while this case is pending.

Dated August 25th, 2016.

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE