UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED

MAY 10 2017


CLERK

| | |
|---|---|
| CRISTIAN CABRERA-ASENCIO,<br><br>Plaintiff,<br><br>vs.<br><br>DARIN YOUNG (Warden), DENNY KAEMINGK (Secretary of Corrections), ELIZABETH VITETTA (Coordinator D-Unit), AL ALLCOCK (Associate Warden), JENIFER DRIESKE (Dept Warden),<br><br>Defendants. | 4:16-CV-04096-RAL<br><br>OPINION AND ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT |

Plaintiff Cristian Cabrera-Asencio ("Cabrera-Asencio") filed this lawsuit pursuant to 42 U.S.C. § 1983. Doc. 1. This Court screened his complaint pursuant to 28 U.S.C. § 1915A, dismissed it in part, and directed service. Doc. 9. Cabrera-Asencio and defendants now move for summary judgment. For the following reasons, Cabrera-Asencio's motion is denied, and defendants' motion is granted in part and denied in part.

## I. FACTUAL BACKGROUND

### A. Punishment

Cabrera-Asencio is an inmate at the South Dakota State Penitentiary (SDSP). Doc. 1 On November 5, 2014, Cabrera-Asencio was working in the

SDSP kitchen. Doc 34-1 at 14. Both parties agree that he was speaking to his boss in Spanish, and she ordered him to speak English. *Id* ; Doc. 28 at 2 Defendants allege that Cabrera-Asencio then called his bosses in the kitchen racists; this fact was in the "Incident Details" of Cabrera-Asencio's Disciplinary Report. Doc. 34-1 at 14. Cabrera-Asencio claims that he did not call them racists and that they fabricated this in the report in order to punish him for something other than speaking Spanish. Doc. 26 ¶ 1. He also avers defendants were seeking to "teach him a lesson" for speaking Spanish. Doc. 28 at 1-2.

Cabrera-Asencio was sent to the Segregated Housing Unit as punishment. *Id.* at 2. He alleges that when he returned to the general population, he was harassed and retaliated against for filing grievances based on prison officials' alleged mistreatment of him *Id.* He complained more, which led to further retaliation. *Id.*

On January 1, 2015, Cabrera-Asencio was again working in the SDSP kitchen Doc 34-1 at 10. Defendants allege and the Disciplinary Report states that Cabrera-Asencio said in Spanish to another prisoner that his boss was a "crazy witch" and that she "can go to the shit." *Id* Cabrera-Asencio avers that this is untrue and was made up to punish him in retaliation for complaining of his mistreatment. Doc 28 at 2-3. Cabrera-Asencio was disciplined again even though another inmate told the disciplinary hearing officer that it was he, rather than Cabrera-Asencio, who made the offensive remark. Doc. 34-1 at 4, 7, 11. After this, Cabrera-Asencio avers that prison officials harassed him in a number of ways, including strip searches, pat downs, drug testing, and

requesting his mother's green card during visits, which she does not have because she is a legal citizen. Doc. 28 at 3.

## B. Employment

At the relevant time, inmates on Unit D of the Jameson Annex at SDSP were eligible for no more than sixty jobs and there were usually about sixty additional inmates on the waitlist for employment. Doc. 33 ¶¶ 2-6.[1] There is a low turnover rate for jobs in Unit D. *Id.* ¶ 7. Inmates on the waitlist are listed in order of their last disciplinary report, and if inmates are sent to the SHU, they are removed from the list until they return to their unit *Id* ¶ 8

Throughout the relevant period, Cabrera-Asencio was in and out of prison jobs. *See* Doc. 33-1; Doc. 33-2; Doc. 33-3. Cabrera-Asencio claims that he was paid intermittently. Doc. 37 at 3. He also avers that his coordinator told him he could not work because he was an undocumented immigrant. Doc 28 at 4. He asserts that he was not paid and eventually lost his job because of a misapplication of a prison policy denying paid jobs to prisoners who were undocumented immigrants. *Id.* at 5.

Defendants aver that Cabrera-Asencio was removed from the waitlist when he was sent to the SHU. Doc. 33 ¶ 9. The Defendants say that Cabrera-Asencio was placed back into his SDSP kitchen job by accident, but was removed before he working there because he did not have the necessary training. *Id.* ¶ 12. Defendants also aver they later discovered that Cabrera-

---

[1] This information comes from the Affidavit of Elizabeth Vitetta, which discusses Unit D presumably because that is where Cabrera-Asencio was incarcerated at the time This Court presumes the job availability is similar for all inmates in the Jameson Annex

3

Asencio did not have a valid Social Security number ("SSN"), a requirement to work at SDSP. *Id.* ¶ 13 Cabrera-Asencio avers that he never had a SSN and that SDSP staff was aware of this fact the entire time he was incarcerated at SDSP. Doc. 37 ¶ 15.

## II. PROCEDURAL BACKGROUND

On July 1, 2016, Cabrera-Asencio filed this complaint. Doc. 1 He alleged that defendants violated his rights under the Equal Protection Clause, the First Amendment, and the Eighth Amendment *Id.* at 5-7. This Court screened Cabrera-Asencio's complaint under 28 U S.C. 1915A, dismissed Cabrera-Asencio's claim under the Eighth Amendment, and directed service of the remainder of the complaint Doc. 9.

On January 11, 2017, Cabrera-Asencio moved for summary judgment, Doc. 24, and filed two affidavits supporting his motion. Doc. 26, 28. On January 20, 2017, defendants moved for summary judgment Doc. 30. In support of their motion, defendants filed the affidavits of Elizabeth Vitetta, a correctional officer at SDSP, Doc. 33, and Jennifer Dreiske, the deputy warden at SDSP. Doc. 34. Cabrera-Asencio also moves this Court to appoint him counsel. Doc 27.

## III. LEGAL STANDARD

Summary judgment is appropriate if the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party can meet this burden by presenting evidence that there is no dispute of material fact or by

showing that the nonmoving party has not presented evidence to support an element of its case on which it bears the ultimate burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

"A party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials, but must set forth specific facts in the record showing that there is a genuine issue for trial." *Denn v. CSL Plasma, Inc.*, 816 F.3d 1027, 1032 (8th Cir. 2016) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986)). For purposes of summary judgment, the facts, and inferences drawn from those facts, are "viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *United States v. Diebold, Inc*, 369 U.S. 654, 655 (1962)).

### IV. DISCUSSION

Two of the claims in Cabrera-Asencio's complaint survived screening under 28 U S C § 1915A: a claim under the Equal Protection Clause and a claim under the First Amendment. Cabrera-Asencio and defendants now move for summary judgment on both claims. The Court will discuss both motions as they apply to each claim.

**A. Equal Protection**

Cabrera-Asencio moves for summary judgment on his claim that defendants violated his rights under the Equal Protection Clause by denying him work and denying him wages when he was allowed to work Doc. 25 at 6. Defendants argue they are entitled to summary judgment based on qualified

5

immunity because there was a rational basis for the policy. Doc. 31 at 5. In its screening order, this Court stated that the policy of not paying undocumented immigrant prisoners will be upheld if defendants show a rational basis for the policy See Doc. 9 at 5.

Defendants are entitled to summary judgment on Cabrera-Asencio's claim that he was not paid for his work. The payroll charts provided by defendants show that Cabrera-Asencio was paid when he had a job. *See* Doc. 33-1, 33-2, 33.3. Vitetta verified that Cabrera-Asencio would have been paid the same as other inmates who had similar jobs while she was Coordinator of his unit. Doc. 33 ¶ 14. Cabrera-Asencio does not contest this evidence. Therefore, defendants' motion for summary judgment is granted as to this claim, and Cabrera-Asencio's motion for summary judgment is denied on this claim.

Cabrera-Asencio also claims that he was not allowed to work because he is an undocumented immigrant. Defendants provided a rational basis for this policy: complying with federal law by reporting income and withholdings for Social Security. Doc. 31 at 6. Under South Dakota Department of Corrections ("SD DOC") policy 1.1 A 7, all inmates must have a valid social security number to be paid wages. Doc. 25-1 at 16. If the given SSN is found to be invalid, the inmate may not work or receive a wage until he provides a valid SSN. *Id.* at 17. The policy states that SD DOC is required to submit a report to the IRS containing the names and SSNs of all inmates who earn wages *Id.* This policy is repeated in 1.5.A.1. *Id.* at 18.

Cabrera-Asencio argues that this policy does not apply to jobs at the prison that pay 25¢ per hour. Doc. 37 at 3-5. He claims that defendants are not required to report these earnings to the IRS. *Id.* Cabrera-Asencio's assertions are contrary to the actual policy, and he provides no evidence to support his assertion. Cabrera-Asencio also argues that defendants are misapplying the SD DOC rules in requiring an SSN and taking other actions. Doc. 28 at 5. Cabrera-Asencio's suggestion that defendants are liable for violating SD DOC policy does not preclude summary judgment because "there is no § 1983 liability for violating prison policy." *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997); *see also Moore v. Rowley*, 126 F. App'x 759 (8th Cir 2005)

This Court, however, stops short of granting summary judgment at this time for the Defendants on Cabrera-Asencio's claim that he was not allowed to work because he is an undocumented immigrant. Defendants did not cite to any policy provision in their argument but relied on the affidavit of Elizabeth Vitetta. Vitetta, however, merely avers that she has "learned that Cabrera-Asencio was allowed to work in 2014 because of a discrepancy in our records." Doc. 33 ¶ 13. She also avers, "It was not discovered until March 2016 that a social security number disclosed by the inmate failed to match the records for the IRS and until that matter was resolved, he was not eligible for work." *Id* Vitetta does not explain how she knows this information and does not appear to be a record custodian. She is a correction officer and worked on Cabrera-

Asencio's unit for some months,[2] but apparently not in 2014 or March 2016. *See id.* ¶ 1.

Vitetta does not appear to have personal knowledge of the decision to remove Cabrera-Asencio from his job or to not offer him a job. In fact, she avers that Cabrera-Asencio did not hold a job while she was the Coordinator of his unit. *Id.* ¶ 14. In its previous order, this Court stated that the defendants would not be liable if they could show a rational basis for their exclusion of Cabrera-Asencio from employment at the prison. Although the evidence supplied by Cabrera-Asencio shows there is a policy concerning employment and SSNs, defendants' evidence does not show that it was applied to Cabrera-Asencio. The record presently is devoid of evidence that Cabrera-Asencio was not given a job because he did not have a SSN.

Further, Cabrera-Asencio alleges that Vitetta's supposition of how he lost his job and was not rehired is untrue. He claims that he has never had a SSN and never provided defendants with one in the first place. Doc 37 ¶ 15 He avers that the change in November 2014 that made him lose his pay was a decision not to pay undocumented immigrants. Doc. 28 at 2. He also avers that he was told by prison staff that he was not allowed to continue working because he was an undocumented immigrant. *Id* at 4. Cabrera-Asencio also alleges that he was denied employment in retaliation for his grievances instead Doc. 28.

---

[2] The Vitetta Affidavit states that she was "the Unit D Coordinator from December 8, 2015 to July 29, 2015," which might involve a typographical error or be understood as about four months

8

There remains an issue of material fact as to why Cabrera-Asencio was denied employment. Therefore, defendants' motion for summary judgment is denied at this time as to this portion of Cabrera-Asencio's claim under the Equal Protection clause. Cabrera-Asencio's motion for summary judgment is denied as to his claim under the Equal Protection clause

**B.     First Amendment Retaliation**

Cabrera-Asencio moves for summary judgment on his claim that defendants violated his rights by retaliating against him for speaking Spanish. Doc. 25 at 8 Defendants argue they are entitled to summary judgment based on qualified immunity because Cabrera-Asencio was punished for being insolent and disrespectful rather than for speaking Spanish Doc. 31 at 5.

Prison officials violate an inmate's constitutional rights by filing disciplinary charges in retaliation for the inmate's exercise of his constitutional rights. *Sanders v. Hobbs*, 773 F 3d 186, 190 (8th Cir. 2014). But the United States Court of Appeals for the Eighth Circuit has held that a retaliation claim fails " 'if the alleged retaliatory conduct violations were issued for the actual violation of a prison rule[,]' " and a defendant shows " 'some evidence the inmate actually committed a rule violation.' " *Id.* (quoting *Hartsfield v Nichols*, 511 F.3d 826, 829 (8th Cir. 2008)).

According to the United States Supreme Court, the "some evidence" standard involves· " 'Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant

9

question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.' " *Id* (quoting *Superintendent v Hill*, 472 U.S. 445, 455–56 (1985)). " '[A] report from a correctional officer, even if disputed by the inmate and supported by no other evidence, *legally* suffices as some evidence upon which to base a prison disciplinary violation, if the violation is found by an impartial decisionmaker.' " *Id.* (quoting *Hartsfield*, 511 F 3d at 831). Therefore, "the 'critical inquiry is not whether the prisoner alleges that prison officials retaliated against him for participating in constitutionally protected activity, but instead is whether the prison disciplinary committee ultimately found based upon some evidence that the prisoner committed the charged violation of the prison regulations.' " *Id.* (quoting *Cornell v. Woods*, 69 F 3d 1383, 1389 (8th Cir. 1995).

Defendants have shown "some evidence" that Cabrera-Asencio violated a prison rule. Cabrera-Asencio argues he was punished twice for speaking Spanish, and evidence supports this in the record. The fact that he was ordered to speak English was part of the evidence the hearing officer relied on to punish Cabrera-Asencio in November of 2014. Doc 34-1 at 14. When Cabrera-Asencio was punished in January of 2015, he presented a written statement by a witness who claimed to have been the inmate who made the offending statement. Doc. 34-1 at 5; Doc. 37 at 2. However, both Disciplinary Reports clearly state that Cabrera-Asencio was punished for the derogatory words he spoke, rather than the language he used Doc. 34-1 at 10, 14. The Affidavit of Jennifer Dreiske states that there is not a policy requiring inmates

10

to speak English, even though prison staff prefer it so that there is a clear understanding of what inmates say. Doc. 34 ¶¶ 3-5. Therefore, defendants' motion for summary judgment based on qualified immunity is granted as to Cabrera-Asencio's First Amendment claim

## C. Motion to Appoint Counsel

Cabrera-Asencio also moves for appointment of counsel He has filed three previous motions to appoint counsel. As this Court explained in the orders denying those motions, "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). Little has changed to justify appointing counsel since this Court denied his last motion. Although one of his claims was dismissed, and defendants now are granted summary judgment on other claims, these rulings are based on the facts not subject to genuine dispute as applied to the settled law, and not a result of Cabrera-Asencio's failure to understand the legal process Up to this point, Cabrera-Asencio has presented his claims quite well. Therefore, his current motion to appoint counsel is denied.

## V. ORDER

Accordingly, it is ORDERED

1. Cabrera-Asencio's motion for summary judgment (Doc 24) is denied.
2. Defendants' motion resisting summary judgment (Doc. 36) is denied as moot.
3. Cabrera-Asencio's motion to appoint counsel (Doc 27) is denied.

4. Defendants' motion for summary judgment (Doc. 30) is granted in part and denied in part. Defendants are granted summary judgment as to Cabrera-Asencio's claim that they violated his First Amendment rights by retaliating against him. Defendants' motion is denied without prejudice to refiling a renewed motion as to Cabrera-Asencio's claim that they violated his rights under the Equal Protection Clause by denying him employment.

Dated May 10th, 2017

BY THE COURT:

_____
ROBERTO A LANGE
UNITED STATES DISTRICT JUDGE