UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION



**FILED**

Jan 19 2018

*Matthew Thelen*

CLERK

| | |
|---|---|
| CRISTIAN CABRERA-ASENCIO, | 4:16-CV-04096-RAL |
| Plaintiff, | |
| vs. | OPINION AND ORDER ON MOTION FOR SUMMARY JUDGMENT |
| DARIN YOUNG (Warden), DENNY KAEMINGK (Secretary of Corrections), ELIZABETH VITETTA (Coordinator D-Unit), AL ALLCOCK (Associate Warden), JENIFER DRIESKE (Dept Warden), Defendants. | |

Plaintiff Cristian Cabrera-Asencio ("Cabrera-Asencio") filed this lawsuit pursuant to 42 U.S.C. § 1983. Doc. 1. This Court screened his complaint pursuant to 28 U.S.C. § 1915A, dismissed it in part, and directed service. Doc. 9. Cabrera-Asencio and defendants moved for summary judgment, which the Court granted in part and denied in part. Doc. 39. The Court denied defendants' motion without prejudice to refiling a renewed motion as to Cabrera-Asencio's claim that they violated his rights under the Equal Protection Clause by denying him employment. *Id.* Defendants then filed a second motion for summary judgment (Doc. 43) and Cabrera-Asencio responded (Doc. 48). Cabrera-Asencio also filed a motion for reconsideration, entry of default, discovery, and scheduling order (Doc. 40) and a motion for court appointed counsel (Doc. 42). For the following reasons, Cabrera-Asencio's motions are denied, and defendants' second motion for summary judgment is granted.

## I. Factual Background

At the heart of the sole remaining claim in this lawsuit is whether the defendants violated Cabrera-Asencio's constitutional rights when they denied him further employment at the South Dakota State Penitentiary (SDSP). Cabrera-Asencio has held paying jobs at the SDSP. Doc. 47 at 1. But on two separate occasions, November 5, 2014 and January 1, 2015, he lost those paying job when he was disciplined. *Id.* at 1-2. At the SDSP, jobs are rewards for good behavior and major disciplinary actions move inmates to the bottom of the job waitlist. Doc. 45 at 1.

Defendant Elizabeth Vitetta held the position of Correctional Officer at the SDSP and was the Unit D Coordinator from December 8, 2015 to July 29, 2016. *Id.* As Unit D Coordinator, Vitetta was involved in hiring inmates from the waitlist for available jobs. *Id.* One of the possible jobs was working in the kitchen for an entity called CBM. *Id.* Normally, CBM would email when it needed inmates for a certain shift. *Id.* at 2. Vitetta would then review the waitlist of inmates to see who was eligible for a job. *Id.* Vitetta had access to inmate files and records regarding inmate work history. *Id.* at 1. Inmates could be restricted from holding jobs because they are federal inmates, have medical restrictions, or lack a valid or verifiable SSN. *Id.*

In March 2016, CBM attempted to hire Cabrera-Asencio directly. Vitetta intervened. Doc. 47. Vitetta "informed CBM that Cabrera-Ascencio 1) had not been cleared by the Unit Coordinator for the position, 2) was at the bottom of the jobs list because of major disciplinary action, 3) had not been cleared through Health Services, 4) having checked his Social Security number, it had not been verified and therefore he was ineligible for that position, and 5) he was not trained to work in the kitchen." *Id.*

Cabrera-Ascencio claims that the SDSP has a policy that prohibits undocumented inmates from working. Doc. 9 at 5. Defendants aver that the South Dakota Department of

Corrections (SDDOC) does not have a policy prohibiting undocumented inmates from working at the penitentiary. Doc. 47 ¶17. SDDOC does, however, have Policy 1.1.A.7 that requires all inmates to have a verified SSN prior to being paid wages. *Id.* ¶ 16. The policy states that SDDOC is required to submit a report to the IRS containing the names and SSNs of all inmates who earn wages. Doc. 25-1 at 16.

Defendants claim that in 2016 Vitetta discovered that the SSN Cabrera-Asencio provided SDDOC did not match what was on file with the IRS. Doc. 45 at 2. Defendants maintain that Cabrera-Asencio has not provided the SDDOC a valid SSN. Cabrera-Asencio claims that he has never had a SSN and has never provided defendants one. Doc 37 ¶ 15. It is uncontested that Cabrera-Asencio does not have a SSN. Doc. 37 ¶ 15.

## II.     Summary Judgment Standard

Summary judgment is appropriate if the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party can meet this burden by presenting evidence that there is no dispute of material fact or by showing that the nonmoving party has not presented evidence to support an element of its case on which it bears the ultimate burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

"A party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials, but must set forth specific facts in the record showing that there is a genuine issue for trial." *Denn v. CSL Plasma, Inc.*, 816 F.3d 1027, 1032 (8th Cir. 2016) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986)). For purposes of summary judgment, the facts, and inferences drawn from those facts, are "viewed in the light most favorable to the

party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)).

### III. Discussion

The sole remaining issue in this lawsuit is whether the defendants violated Cabrera-Asencio's constitutional rights under the Equal Protection Clause by denying him employment. In its screening order, this Court stated that the policy of not paying undocumented immigrant prisoners will be upheld if defendants show a rational basis for the policy. *See* Doc. 9 at 5. Defendants now argue that they are entitled to summary judgment based on qualified immunity, because there is a rational basis for the policy requiring a valid SSN and that the policy was applied to Cabrera-Asencio. Doc. 44 at 7.

Cabrera-Asencio maintains that he was not allowed to work because he is an undocumented immigrant. Doc. 9 at 5. This Court held in its opinion and order on cross motions for summary judgment that defendants provided a rational basis for this policy: complying with federal law by reporting income and withholdings for Social Security. Doc. 39 at 7. Defendants need only show that this policy was applied to Cabrera-Asencio. *Id.* at 8. Previously, the defendants failed to provide evidence that the reason they denied Cabrera-Asencio a job was because he did not have a SSN. *Id.* at 7.

Defendants now offer several reasons why Cabrera-Ascencio was not allowed to work. Doc 47. Cabrera-Asencio was not allowed to work because Vitetta had not cleared him for work, he was at the bottom of the jobs list after being disciplined, Health Services had not cleared him, he lacked a verified SSN, and he was not trained to work in the kitchen. In Cabrera-Ascencio's response to defendant's renewed motion for summary judgment, he does not dispute these reasons. Doc. 48.

4

It is undisputed that Cabrera-Asencio does not have a SSN, which violates the requirements of Policy 1.1.A.7. Vitetta had access to inmate files and records regarding inmate work history. Doc. 45 at 2. She was involved in hiring inmates and intervened when CBM tried to hire Cabrera-Asencio outside of the normal process. *Id.* Vitetta discovered that Cabrera-Asencio did not have a verified SSN and Policy 1.1.A.7 prevents Cabrera-Asencio from being assigned a wage-paying institutional job until he has a valid SSN. *Id.* Therefore, defendants' motion for summary judgment based on qualified immunity is granted as to Cabrera-Asencio's remaining Equal Protection claim.

## IV. Motion to Reconsider

Cabrera-Asencio moves this court to reverse its opinion and order on cross motions for summary judgment. Doc. 40. A district court's decision on a motion for reconsideration rests within its discretion. *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 413 (8th Cir. 1988). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* at 414. Cabrera-Asencio claims no error of law, fact, or newly discovered evidence. *See* Doc. 40. Thus, Cabrera-Asencio's motion to reverse is denied.

## V. Motion for Discovery

Cabrera-Asencio moves this court to compel discovery on the remaining Equal Protection claim. Doc. 40. Here, however, even if Cabrera-Asencio's discovery request was granted, it would not help him establish his equal protection claim and defeat defendants' motion for summary judgment.

In *Seltzer-Bey v. Delo*, 66 F.3d 961 (8th Cir. 1995), Seltzer-Bey claimed prison officials violated his Fourth, Fourteenth, and Eighth Amendment rights. The district court granted summary judgment on all three counts. *Id.* at 963. On appeal, Seltzer-Bey argued that the court

5

should not have ruled on the summary judgment motion while his motions for discovery were pending. *Id.* Because Seltzer-Bey did not identify the facts he sought that would help him oppose summary judgment, the Eighth Circuit found that the district court "acted within its discretion when it decided the defendants' summary judgment motion without compelling the defendants to comply with Seltzer–Bey's discovery requests." *Id.* at 964; *see also Howard v. Collins*, 129 F.3d 121, *2 (8th Cir. 1997) (unpublished) (upholding the grant of summary judgment despite outstanding discovery requests).

Cabrera-Asencio believes that defendants do not report inmate wages to the IRS and do not have any documentation to support such a claim. Doc. 40 at 2. Discovery on that topic, however, would not help Cabrera-Asencio demonstrate that SDDOC policy 1.1.A.7 was not applied to him. Cabrera-Asencio's claim that defendants are liable for violating SDDOC policy does not preclude summary judgment because "there is no § 1983 liability for violating prison policy." *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997); *see also Moore v. Rowley*, 126 F. App'x 759 (8th Cir. 2005). The undisputed facts include that Cabrera-Asencio has no SSN and the SDSP has a policy with a rational basis of not hiring and paying inmates lacking a valid SSN for work. Therefore, the Court may grant summary judgment without compelling defendants to respond to Cabrera-Asencio's requests.

## VI. Motion for Default

Cabrera-Asencio moves this court to hold defendants in default pursuant to Fed. R. Civ. P. 55 and to deny defendants' second motion for summary judgment. *Id.* Cabrera-Asencio argues that defendants failed to produce any evidence in this case to support the remaining issues and the defendants missed the deadline for filing the second motion for summary judgment. Doc. 40. Defendants resist Cabrera-Asencio's motion. Doc. 41.

This Court denied defendant's previous motion for summary judgment on the Equal Protection clause claim without prejudice. Doc. 39. This court did not impose a deadline for

6

filing the second motion for summary judgment. Thus, Cabrera-Asencio's motion for entry of default is denied.

## VII.    Motion to Appoint Counsel

Cabrera-Asencio also moves for appointment of counsel. He has filed three previous motions to appoint counsel. As this Court explained in the orders denying those motions, "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998); *see* Docs. 9, 21, 23. Little has changed to justify appointing counsel since this Court denied his last motion. Although one of his claims was dismissed, and defendants were granted summary judgment on a number of his claims, this was because of the undisputed facts rather than Cabrera-Asencio's failure to understand the legal process. Up to this point, Cabrera-Asencio has presented his claims quite well. Therefore, his current motion to appoint counsel is denied.

Accordingly, it is ORDERED

1. Defendants' motion for summary judgment (Doc. 43) is granted.

2. Cabrera-Ascencio's motion for reconsideration, entry of default, discovery, and scheduling order (Doc. 40) is denied.

3. Cabrera-Ascencio's motion to appoint counsel (Doc. 42) are denied.

4. Defendants' motion to resist (Doc. 41) is denied as moot.

Dated January 19ᵗʰ, 2018.

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE